Good morning, Your Honors, and may it please the Court, Justin Barabas on behalf of Teresa Torricellas, the appellant, and if I could reserve two minutes for rebuttal. Yes, what's your clock? Thank you. I'd like to spend my time this morning focusing on our argument that the District Court erred by concluding that a claim based upon an alleged error in the California Penal Code Section 1172.6 is not cognizable on federal habeas. So first, I'll address Respondent's assertion regarding timeliness, and then I'll discuss the actual cognizability of the claim. Judge Crawford, in her report and recommendation, spent a full paragraph explaining why my client's claim is timely under AEDPA, and that can be found on pages 30 to 31 of the excerpts of record. More specifically, Judge Crawford noted that my client's judgment became final on December 14th of 2021, and that my client filed her petition on October 14th of the following year. For these reasons, she concluded, quote, if the petition were not subject to dismissal for failure to state a claim, it would be timely under the AEDPA. There is no reason to depart from this sound conclusion by the magistrate judge. Indeed, when Respondent was given the opportunity either to object to the report and recommendation or to file a reply to appellant's objections, Respondent did not do so. Yet, in the present appeal, Respondent spends several pages in the answering brief attempting to now argue that the limitations period has expired. But again, there's no purpose for departing from the well-reasoned conclusions by Judge Crawford, and my client's claim, in fact, is timely. If there's no questions on that, I'll briefly touch on the cognizability of the claim. Yes, please move on. So, as this panel has seen from the briefing, the core disagreement between the parties is whether and when an error in the state post-conviction review is cognizable on federal habeas. Our position is that the law is very clear on this point. Franzen versus Brinkman, which was cited by Respondent in its brief, and Clayton versus Biter, which we rely on, can be read harmoniously together. Taken together, these authorities stand for the well-established principle that state adjudications of state law are, in fact, cognizable on federal habeas where they implicate federal due process. I won't belabor the point because I think we lay it out fairly well in the briefing, but a resentencing determination under Section 1172.6 inherently requires a petitioner to show that the prosecution could not presently prove beyond a reasonable doubt that they could be currently convicted of murder. That's precisely the type of federal due process challenge that the Clayton Court discussed. This is not some adjudication of some state substantive right that's wholly unrelated to the federal constitution. For this reason, our position is that Respondent is incorrect and that the District Court erred. Counsel, let me jump in here because I have a couple of questions for you. First, I understand your client received commutation of some kind? No, she's been paroled. Paroled. That's what I meant. I apologize. She's been paroled. In light of that, I have a couple of follow-up questions. I just want to make sure procedurally I understand where we are in this case. So she's out of custody. So what relief are you seeking now? So the relief that we're seeking is that she could be given an evidentiary hearing. But what's the end game? What are you trying to get? I understand the evidentiary hearing is the vehicle, but what are you trying to... She got paroled, so it's not like she's trying to get out of jail anymore. So what is it you're looking for? What are you looking for the Superior Court to do in this case? Sure. The ultimate goal would be to have the conviction reversed. I mean, even though she's been paroled, that parole still holds... That's a lifetime parole because she was given a lifetime. Okay. That was my question. So you want to basically... You're trying to have the conviction completely overturned or would it be knocked down to something else? Probably completely overturned. That would be the ultimate end goal here. All right. So now I have the more factual question in this case. So we have an opinion from the California Court of Appeal saying that the conduct in this case does not qualify under the California statute because basically, if you look at the factual basis in the guilty plea, she admitted to aiding and abetting in a murder and that the California statute, that's still murder. Aiding and abetting murder is still murder in California despite the passage of the statute. What is your response to the argument that in light of that finding, this case is effectively over because there's no question that the recent California legislation would not apply in this case? Sure. I think my client still has a right to have Judge Anello or the magistrate judge in this case determine whether or not that determination by the California Court of Appeal violated her due process rights. We didn't even get to that question because Judge Crawford and Judge Anello determined that in light of the authorities they cite, there's no cognizable federal habeas. No. Fair enough. I'm just trying to understand what would this hearing do because we have a factual basis and your client did get parole and I would not want your client to put herself in jeopardy of losing parole by saying she didn't do what I assume she admitted to doing to get parole. So I'm trying to understand. We have a hearing before Judge Anello. The government puts in the factual basis where she says, I'm not going to go through them all, but you know what I'm accomplishing. I think I understand your Honor's question. That's a fair point. Our argument is still that the violation in this case was that she never received the hearing in the first place. As far as what would the hearing accomplish, I think it would give her the opportunity to perhaps more fully explain her side of the factual basis. But she pleaded guilty, right? And she admitted to certain facts when she pleaded guilty. Is she going to change that testimony? That's my understanding is that that would be what would have to be sort of fleshed out at the evidentiary hearing. But couldn't that jeopardize her parole if she did that? I'm not intimately familiar with the terms of her parole, but I don't think testifying contrary to how you testified before the board of parole hearings would jeopardize her. I would just say, counsel, I'm not a criminal defense lawyer, but I have done criminal defense work. I would just be very careful having your client go in and under oath saying something contrary to what she would have submitted at a parole hearing. Because the parole conceivably could be revoked. And that, anyway, just be careful. But the plea colloquy, I mean, she could end up in a worse situation.  Sure. No, and I certainly appreciate this panel's concerns. You said in your argument academically, and I also happen to think that your argument is contrary to the plea colloquy. I don't know what she said at the parole hearing, but I mean, it's problematic. I understand what this resentencing was meant to do, but she's out of jail right now. Sure. And again, I mean, you know, there's still collateral consequences, which, you know, satisfy the custody requirements under EDPA. Obviously, this panel understands that. But, you know, it is still, perhaps, as you said, Your Honor, an academic type of argument. But, you know, for the reasons we discussed, it is our position that the district court erred. I see that I have about a minute and 35 seconds. Why don't you hang on to it then, and we'll hear from the other side. We'll hear from the warden. Thank you, Your Honor. May it please the court of Matthew Mulford on behalf of the warden. The certified question, is this resentencing hearing cognizable in the federal court? We disagree. The answer is no. The place to look for that is the jurisdictional statute for federal habeas corpus on a state prisoner, 28 U.S.C. 2254A. There's two requirements that are missing here. Custody linked to a claim and a federal question. Custody, you judge your questions about parole and what happens next. This is a complicated issue, but there is no custody regarding 2019 on the claim that they're saying is now timely because it's so far removed from the original case. She's not in custody on that. She tried to change her custody regarding that claim, but she was unsuccessful. And the fact that there is no custody from 2019 on the denial of a re-hearing case means that there's nothing for a federal court to do. So judge your questions about parole and what will happen. It's conceivable that if she's on six steps in the future, she undoes her criminal conviction, then she removes the lifetime parole. That might be enough to avoid mootness and to change these things. I suspect it is. But there's no real reason to get there because on day one in federal court, she has no claim that is linked to custody. And the second part of the problem, the jurisdictional argument, is that her claim is one of state law. She's saying the state courts misapplied a state procedure that's got nothing to do with a federal constitutional right. Now, most of those Bill of Rights that are regarding trial things, that happened a long time ago, which she waived when she pled guilty. A couple of them deal with direct appeals. You have the right to counsel on direct appeal through the Equal Protection Clause. I'm not aware of any. I've never seen one that has anything to do with resentencing or anything that is a collateral post-judgment, post-appeal thing that happens in state court. Even if it was a trial-related right in state court, the Supreme Court in Bravura v. Illinois said that state law errors are remedied by state law and they do not raise federal questions. And that's the answer. So she says, oh, my due process rights? No. She's asking for the state courts to properly apply state law. And that's not a federal question. Never has been. The Franzen case from this court, it fairly neatly circumscribes all of this discussion. It says, if you've got a state law post-conviction, I think that's the phrase of that very short opinion. We think that means collateral. If you've got a state court claim, even when you raise a state law claim, Supreme Court really hasn't talked about resentencing much, but it has done so in the context of the federal statute of limitations. It's a case called Wall v. Coley. Wall says, Rhode Island. Wall talks about a Rhode Island case. The Rhode Island resentencing case at issue in Wall is not our direct appeal. It is not a change in finality. It is not a new fact. It is a collateral proceeding. It tolls the statute of limitation that the statute has not already run. It doesn't affect anything else. And unless there are questions, we'll ask that you affirm the judgment of the district court. Do you want to speak to the merits at all? She was properly denied relief under state rules. Is that the merit you're asking about? I mean, is she guilty of murder? Is she actually guilty of felony murder? I mean, not felony murder, but dating and abetting murder. Yes. She admitted being in the car while holding, I think it was a there was certainly a firearm while her co-defendant drove the victim out to a very remote location. And she didn't pull the trigger, but the other guy did. And she said, yeah, I would have done it too. And my understanding is that she also told the co-defendant about the money and about maybe take him out to Mission Valley where there are no people there. Right. Yes, that was part of the plan. That's what she admitted in front of a trial judge, the original habeas corpus from the federal court in 2009. I can't remember the dates. They went through all that again and said, yep, that's what happened. She is responsible today for a 1985 murder. Everybody that's looked at it has said that. Most recently, California Court of Appeal. OK, we'll give your friend on the other side a couple minutes for rebuttal. Thank you, Your Honor. Just very briefly, on page 11 of our reply brief, we go through the law that talks about an individual who's, you know, paroled, still being in custody for purposes of AEDPA. I've never heard of it being specific to a judgment or specific to a new sort of triggering event as far as, you know, the statute of limitations is concerned or as far as AEDPA is concerned, which is what the respondent appears to be arguing. So, I mean, she is in custody for purposes of AEDPA. As far as counsel's arguments about state application of state law, I mean, this is sort of the age-old habeas dispute where, you know, a petitioner alleges something went wrong in their state trial that violated due process or violated or was, you know, contrary to clearly established federal law. In this case, you know, counsel talked about Franzen or, yes, Franzen, you know, this court's opinion. In addition to the language cited by a respondent, Franzen also states, and I have it right here on page one of the opinion, quote, a habeas petition must allege the petitioner's detention violates the constitution of federal statute or treaty. That's what we have here. We have my client alleging that the state process violated her due process rights because that inherently, that process inherently requires the government to prove beyond a reasonable doubt that she could presently be convicted of murder. That is precisely the situation that Franzen and all the other cases that we talked to. And unless this panel has any further questions, we will submit. All right. Thank you, counsel. Tarasalas versus, I guess, CORE is submitted. In the next case, Zhao versus Blanche has also been submitted, and we'll take
judges: WARDLAW, OWENS, ALBA